IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

ESPERANZA GUERRERO,              )
                                 )
        Plaintiff,               )
                                 )
        v.                       )    1:13cv837(JCC/JFA)
                                 )
AMY T. WEEKS,                    )
                                 )
        Defendant.               )

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Amy T. Weeks's ("Defendant" or "Weeks") Motion to Dismiss Amended Complaint ("Motion"). [Dkt. 10.] For the following reasons the Court will grant Defendant's Motion to Dismiss.

**I.  Background**

This case arises under Title VI of the Civil Rights Act of 1964 ("Title VI"), 42 U.S.C. § 2000d, *et seq.*, Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 and 42 U.S.C § 1983.

A.   Factual Background

The subject matter underlying this case has been before this Court previously in *Guerrero v. Deane*, Civil Action No.

1:09cv1313 (JCC/TRJ).   In *Deane*, the Guerrero family brought an
action under 42 U.S.C. § 1983 alleging that civil rights
violations had occurred during an officer's service of a truancy
summons at the family's home which resulted in a confrontation
between the family and the police.   (1:09cv1313 [Dkt. 1].)
Plaintiff lost at trial in this Court in *Deane* (1:09cv1313 [Dkts.
264, 266]) and the Fourth Circuit Court of Appeals affirmed.
(1:09cv1313 [Dkts. 300, 322].)   On July 17, 2013, the Court denied
Plaintiff's motion for reconsideration.   (1:09cv1313 [Dkt. 330].)
On August 9, 2013, Plaintiff filed a notice of appeal with the
Fourth Circuit as to the order on her motion for reconsideration.
(1:09cv1313 [Dkt. 331].)

In the present case, Plaintiff again seeks redress for
alleged civil rights violations stemming from that incident.
Defendant Amy Weeks is a former Attendance Truancy Officer for the
Prince William County Public Schools.   (Compl. at 1.)   Plaintiff
Esperanza Guerrero ("Plaintiff" or "Guerrero") is the aunt of R.
Munguia ("R. Munguia"), a student who in December of 2007 was
enrolled at Osburn Park High School in Prince William County.
(Compl. at 1, 3.)

Plaintiff alleges that Defendant fabricated the truancy
summons that was served on November 24, 2007, leading to
Plaintiff's confrontation with the police and subsequent arrest.

2

(Compl. ¶ 28.); *see* 1:09cv1313 [Dkt. 1, ¶ 35].   Plaintiff avers
that Defendant used her position to "discriminate against a
Hispanic family" and that Defendant failed to follow proper
procedures under Virginia Law and Prince William County School
Board Policies in the issuance of the truancy summons.   (Compl. at
2, ¶ 1-6.)

    B.   Procedural Background

      Plaintiff filed the present action in the General
District Court of Prince William County, Virginia on June 28,
2013.   [Dkt. 1-4.]   On July 10, 2013, Defendant filed a Notice of
Removal stating that this Court has jurisdiction over the matter
pursuant to 28 U.S.C. § 1331 and 1441(a) because Plaintiff's
Warrant in Debt alleges violations of Title VI of the Civil Rights
Act of 1964, Section 504 of the Rehabilitation Act of 1973, Title
II of the ADA and alleges a deprivation of constitutional rights
in violation of U.S.C. § 1983.   [Dkt. 1.]   On July 10, 2013,
Defendant filed her Motion to Dismiss for Lack of Jurisdiction and
Failure to State a Claim and accompanying memorandum of law.
[Dkts. 2-3]   On July 25, 2013, Plaintiff filed her Amended
Complaint.   [Dkt. 7.]   On August 12, 2013, Defendant filed her
Motion to Dismiss Amended Complaint and accompanying memorandum of
law.   [Dkts. 10-11.]   Plaintiff filed her opposition on September
3, 2013.   [Dkt. 13.]

Defendant's Motion to Dismiss is before the Court.

## II.  Standard of Review

A.  <u>Failure to State a Claim</u>

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss those allegations which fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).  A court reviewing a complaint on a Rule 12(b)(6) motion must accept well-pleaded allegations as true and must construe factual allegations in favor of the plaintiff. *See Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994).

A court must also be mindful of the liberal pleading standards under Rule 8, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.  While Rule 8 does not require "detailed factual allegations," a plaintiff must still provide "more than labels and conclusions" because "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (citation omitted).

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

4

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, *id.*, and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. at 555.  Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation."  *Iqbal*, 556 U.S. at 678.

In considering a motion to dismiss, a court is limited to considering the pleadings, documents attached to the pleadings, documents integral to, relied on, or referenced to within the pleadings, and official public records pertinent to the plaintiff's claims.  *See Philips v. Pitt County Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *Witthohn v. Fed. Ins. Co.,* 164 F. App'x 395, 396 (4th Cir. 2006); *Gasner v. County of Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995).

B.   *Pro Se* Plaintiff

Complaints filed by *pro se* plaintiffs are construed more liberally than those drafted by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  "However inartfully pleaded by

a *pro se* plaintiff, allegations are sufficient to call for an opportunity to offer supporting evidence unless it is beyond doubt that the plaintiff can prove no set of facts entitling him to relief." *Thompson v. Echols*, No. 99-6304, 1999 WL 717280 (4th Cir. 1999) (citing *Cruz v. Beto*, 405 U.S. 319 (1972)).  While a court is not expected to develop tangential claims from scant assertions in a complaint, if a *pro se* complaint contains potentially cognizable claims, the plaintiff should be allowed to particularize those claims.  *Id.* (citing *Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985); *Coleman v. Peyton*, 340 F.2d 603, 604 (4th Cir. 1965)).

### III. Analysis

Plaintiff alleges that Defendant's actions violated her rights under (1) Title VI; (2) the ADA; (3) Section 504 of the Rehabilitation Act of 1973; (4) and 42 U.S.C. § 1983.  Defendant argues that Plaintiff fails to state a claim under each statutory provision and that even were Plaintiff to state a claim her actions would be time-barred.  The Court will first consider the timeliness of Plaintiff's claims.

Congress omitted a statute of limitations for each of the federal statutes under which Plaintiff asserts a claim.  "In the event of such an omission, 42 U.S.C. § 1988(a) provides for the selection of an appropriate common-law statute of limitations,

which is most applicable to the federal action." *Wolsky v.
Medical College of Hampton Roads*, 1 F.3d 222, 223 (4th Cir. 1993).
The Supreme Court has interpreted this provision to require that a
federal court follow the limitations period for the most analogous
state-law cause of action from the state in which the claim is
heard. *Id.* (citing *Wilson v. Garcia,* 471 U.S. 261 (1985)).

While the limitation period is borrowed from state law,
accrual of a cause of action in a federal action is a question of
federal law. *See Synergistic Int'l, L.L.C. v. Korman*, No.
2:05cv49, 2007 WL 517677, at *9 (E.D. Va. 2007). Causes of action
accrue under federal law when the plaintiff "possesses sufficient
facts about the harm done to him that reasonable inquiry will
reveal his cause of action." *Nasim v. Warden, Md. House of Corr.*,
64 F.3d 951, 955 (4th Cir. 1995) (citing *United States v. Kubrick*,
444 U.S. 111, 122-24 (1979)). Additionally, federal courts are
"obligated not only to apply the analogous state statute of
limitations . . . but also to apply the State's rule for tolling
that statute of limitations." *Onwuka v. Hampton Roads Regional
Jail,* No. 1:11cv1398, 2012 WL 8466133, at *2 (E.D. Va. 2012)
(quoting *Scoggins v. Douglas*, 760 F.2d 535, 537 (4th Cir. 1985)).
The Court will consider the timeliness of each of Plaintiff's
claims in turn.

A.   Title VI Claim

Title VI bars "discrimination under any program or activity receiving Federal financial assistance." *Jersey Heights Neighborhoods Ass'n v. Glendening,* 174 F.3d 180, 187 (4th Cir. 1999) (quoting 42 U.S.C. § 2000d).  The Fourth Circuit has found that a federal court must apply the "state personal injury limitations period to Title VI claims." *Id.*  In Virginia, actions for personal injury "shall be brought within two years after the cause of action accrues."  Va. Code Ann. § 8.01-243.  Therefore, the Court will apply a two-year limitations period to Plaintiff's Title VI claim.

Plaintiff does not appear to dispute the application of Virginia's two-year statute of limitations.  Instead, Plaintiff contends that her claim did not accrue until October 25, 2012, when she "recovered documents from [her] former Attorney . . . ." (Compl. at 2.)  Plaintiff argues that her "former Attorney and Attorney for defendant in county litigation" concealed information giving rise to her present claims.[1]  Defendant claims that the allegations contained in Plaintiff's November 20, 2009 complaint (1:09cv1313 [Dkt. 1]) and the documents provided to Plaintiff during that litigation show that Plaintiff possessed sufficient facts to be on notice of her cause of action by November 2009 at

---

[1] "County litigation" refers to *Guerrero v. Deane,* Civil Action No. 1:09cv1313 (JCC/TRJ), which was filed in this Court on November 20, 2009.

latest.  (Mem. at 7.)

The Court finds that Plaintiff's claim accrued in December 2009 at latest.  Defendant issued the allegedly illegal truancy summons in 2007 and all alleged wrongdoing on the part of Defendant likewise occurred in 2007.  (Compl. ¶ 16-28.)  Indeed, Plaintiff met with Defendant and other school officials on December 14, 2007 to discuss the allegedly improper truancy summons.  (Compl. at 1; ¶ 20)  At this point Plaintiff was on notice of her purported injury resulting from the altercation at her home and actors involved in the issuance the truancy summons.

Furthermore, as Defendant notes, Plaintiff was provided with a copy of the allegedly fraudulent truancy summons issued against her nephew on December 14, 2009 as part of the county litigation.  (1:09cv1313 [Dkt. 11-5.])[2]  Indeed, the basis of Plaintiff's claim is that her attorneys in the county litigation were in possession of the documents giving rise to her present cause of action.  (Compl. at 12.)  The Court finds, therefore, that Plaintiff through her counsel "possesse[d] sufficient facts about the harm" and that "reasonable inquiry [would] reveal [her]

---

[2] The Court may consider official public records at the motion to dismiss stage without converting the motion into one for summary judgment.  *See Slaey v. Adams*, Civil Action No. 1:08cv354, 2008 WL 5377937, at *4 (E.D. Va. 2008). Plaintiff references the "county litigation" in her complaint (Compl. at 12) and the documents related to this litigation are in the public record.  The Court therefore takes judicial notice of the documents in Civil Action No. 1:09cv1313 (JCC/TRJ) "and will consider these documents at the motion to dismiss stage and in the statute of limitations analysis." *Id.*

cause of action." *Nasim*, 64 F.3d at 955.

    Additionally, the Court rejects Plaintiff's apparent assertion that her lack of actual knowledge of her claim delays the accrual date.  As the court noted in *Nasim*, a cause of action accrues "either when the plaintiff has knowledge of the claim or when he is put on notice – e.g. by the knowledge of the fact of injury and who caused it - to make reasonable inquiry and that inquiry would reveal the existence of a colorable claim." *Nasim*, 64 F.3d at 955.  In December 2009, at latest, Plaintiff was aware of her alleged injury and the parties involved; Plaintiff "should have known of [her] purported injury at this time." *A Society Without a Name v. Virginia*, 655 F.3d 342, 348 (4th Cir. 2011). Therefore, even applying Virginia's two-year statute of limitations to an accrual date of December 2009, the Court finds that Plaintiff's Title VI claim is time barred.  Accordingly, the Court will dismiss this claim.

            B.    Section 504 Claim

    Section 504 of the Rehabilitation Act of 1973 requires that any program or activity receiving federal financial assistance not discriminate on the basis of disability.  29 U.S.C. § 794.  The Fourth Circuit has held that in Virginia, claims under § 504 are governed by a "personal injury statute of limitations" because the Virginia Rights of Persons with Disabilities Act (the

"Virginia Act") was "modeled after and is almost identical to the Rehabilitation Act." *Wolskey v. Medical College of Hampton Roads*, 1 F.3d 222, 224-225 (4th Cir. 1993).  The Virginia Act has a one-year statute of limitations. *Wolskey*, 1 F.3d at 223 (citing Va. Code Ann. §§ 51.5-40-46).  Applying the accrual date as discussed above, Plaintiff has not filed a timely claim under § 504. Accordingly, the Court will dismiss this claim.

C.  ADA Claim

A claim under the ADA is subject to a one-year limitations period in Virginia. *A Society Without A Name*, 655 F.3d at 342 (finding that the "one-year limitations period in the Virginia Disabilities Act applies to ADA claims brought in Virginia.")  As discussed above, the facts giving rise to Plaintiff's claim occurred in 2007, and a reasonable investigation would have revealed such facts by 2009 at very latest.  Therefore, applying Virginia's one-year limitations period, the Court finds that Plaintiff's claim is not timely.  The Court will dismiss Plaintiff's ADA claim.

D.  § 1983 Claim

A claim arising under § 1983 is subject to a two-year limitations period. *A Society Without A Name*, 655 F.3d at 348. Therefore this claim, like Plaintiff's other causes of action is

time-barred.[3]  The Court will dismiss Plaintiff's § 1983 claim.

    E.   Tolling

    Moreover, to the extent that Plaintiff alleges that her action is tolled because of misconduct by Defendant, the Court rejects such a claim.  Plaintiff claims that her action is tolled because information was "fraudulently concealed" from her.[4]  In Virginia, the statute of limitations is tolled by the obstruction of filing by a defendant.  Va. Code Ann. 8.01-229.  Virginia Code provides that where a defendant uses "any other direct or indirect means to obstruct the filing of an action" that time is not counted for purposes of calculating the applicable statute of limitations.  *Id.*  Here, Plaintiff alleges that her former attorneys – not Defendant – concealed certain information from her.  (Compl. at 12-13.)[5]  Because these attorneys are not

---

[3] Guerrero also refers to "malicious prosect[ion]" in her complaint.  (Compl. at 10.)  Any claim of malicious prosecution brought under § 1983 would likewise be subject to a two-year statute of limitations.  Such a claim would accrue on the date that a "favorable termination is obtained." *Pinder v. Knorowski*, 660 F. Supp. 2d 726, 736 (E.D. Va. 2009).  Claims brought against Guerrero were dismissed on January 25, 2008.  (1:09cv1313 [Dkt. 1 ¶ 49].)  Therefore this claim is not timely.  A common law claim of malicious prosecution has a one-year statute of limitations and is likewise untimely.  *Snyder v. City of Alexandria,* 870 F. Supp. 672, 678 (E.D. Va. 1994).  Furthermore, to the extent that Plaintiff asserts a claim of "gross negligence" against Defendant (*see* Compl. at 10) that claim is also time barred under Virginia's two-year statute of limitations.  Va. Code Ann. § 8.01-243(A).

[4] Plaintiff cites to Va. Code Ann. 8.01-235 in support of her tolling argument.  The Court notes that this statute addresses the statute of limitations as an affirmative defense.  Contrary to Plaintiff's arguments, it does not provide a toll of the statute of limitations.  (Compl. ¶ 15.)

[5] The Court notes that while Plaintiff alleges that information was "concealed" from her she offers no more than conclusory allegations on this point.  (Compl. at 12.)

defendants in the instant action any invocation of 8.01-229(d)'s tolling provisions would be misplaced.

Because the Court finds that Plaintiff's claims are time-barred, it declines to address whether Plaintiff states a claim under any of the statutes allegedly violated by Defendant.

### IV.  Conclusion

For the foregoing reasons, the Court will grant Defendant's Motion to Dismiss.

An appropriate Order will issue.

|                          | /s/                                 |
| ------------------------ | ----------------------------------- |
| September 16, 2013       | James C. Cacheris                   |
| Alexandria, Virginia     | UNITED STATES DISTRICT COURT JUDGE  |