IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

```
ESPERANZA GUERRERO,             )
                                )
        Plaintiff,              )
                                )
            v.                  )    1:13cv837(JCC/JFA)
                                )
AMY T. WEEKS,                   )
                                )
        Defendant.              )
```

## M E M O R A N D U M   O P I N I O N

This matter is before the Court on Plaintiff Esperanza Guerrero's ("Plaintiff" or "Guerrero") Motion to Recuse the Judge and Request for Reassignment ("Motion"). [Dkt. 19.] For the reasons explained below, the Court will deny this motion.

### I.   Background

Defendant Amy Weeks is a former Attendance Truancy Officer for the Prince William County Public Schools. (Compl. at 1.) Plaintiff Esperanza Guerrero ("Plaintiff" or "Guerrero") is the aunt of R. Munguia, a student who in December of 2007 was enrolled at Osburn Park High School in Prince William County. Plaintiff's Complaint alleges that Defendant fabricated the truancy summons served on November 24, 2007, which lead to a

1

confrontation with the police and Plaintiff's subsequent arrest. (Compl. ¶ 28.)

On June 28, 2013, Plaintiff filed suit in the General District Court of Prince William County, Virginia.  [Dkt. 1-4.]  On July 10, 2013, Defendant filed a Notice of Removal stating that this Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1331 and 1441(a) because Plaintiff's Warrant in Debt alleges violations of Title VI of the Civil Rights Act of 1964, Section 504 of the Rehabilitation Act of 1973, Title II of the ADA and alleges a deprivation of constitutional rights in violation of U.S.C. § 1983.  [Dkt. 1.]  On August 12, 2013, Defendant filed her Motion to Dismiss Amended Complaint.  [Dkt. 10.]  On September 26, 2013, the Court granted Defendant's Motion to Dismiss and dismissed Plaintiff's Amended Complaint with prejudice.  [Dkts. 15-16.]

On September 26, 2013, Plaintiff moved to recuse Judge James C. Cacheris and to have the case assigned to a different judge.  [Dkt. 17.]  On October 7, 2013, Defendant filed her opposition to Plaintiff's motion for recusal.  [Dkt. 21.]  On October 11, 2013, Plaintiff filed a Notice of Appeal as to the Court's order of September 16, 2013, dismissing her case with prejudice.  [Dkt. 23.]  On October 22, 2013, Plaintiff filed her reply.  [Dkts. 25-26.]  On October 28, 2013, Plaintiff filed a motion entitled "Motion for an Extension on Replying to Request

2

for Consolidate and Motion to Reply to Motion for
Reconsideration and Request to Consolidate." [Dkts. 27-29.]
Plaintiff's motion for recusal is before the Court.

## II.  Standard of Review

28 U.S.C. § 455(a) requires that a judge disqualify
himself "in any proceeding in which his impartiality might
reasonably be questioned."  This objective test asks "whether a
reasonable person would have a reasonable basis for questioning
the judge's impartiality, not whether the judge is in fact
impartial." *United States v. Cherry*, 330 F.3d 658, 665 (4th
Cir. 2003) (quoting *In re Beard*, 811 F.2d 818, 827 (4th Cir.
1987)) (internal quotation marks omitted).

28 U.S.C. § 455(b) further requires that a judge
disqualify himself in certain enumerated circumstances,
including: (1) "where he has a personal bias or prejudice
concerning a party, or personal knowledge of disputed
evidentiary facts concerning the proceeding"; (2) where in
private practice he served as lawyer in the matter in
controversy; and (3) where as a government employee he
participated in the matter in controversy "as counsel, adviser
or material witness concerning the proceeding or expressed an
opinion concerning the merits of the particular case in
controversy."  28 U.S.C. § 455 (b)(1)-(3).

3

Both § 455(a) and § 455(b)(1), concerning a judge's "personal bias or prejudice" and "personal knowledge," "carry an extrajudicial source limitation." *Belue v. Leventhal*, 640 F.3d 567, 573 (4th Cir. 2011) (quoting *Litkey v. United States*, 510 U.S. 540, 551, 114 S. Ct. 1147, 127 L. Ed 2d 474 (1995)). Bias or prejudice must "stem from a source outside of the judicial proceeding at hand in order to disqualify a judge." *Id.* (citations omitted).

### III.  Analysis

As a threshold matter, the Court notes that it may address the Motion to Recuse, despite the pending appeal. A court "retains jurisdiction as to matters not involved in that appeal, including whether or not it is appropriate for the undersigned to recuse." *Pitrolo v. County of Buncombe, N.C.*, Civil No. 1:06cv199, 2013 WL 588753, at *2 (W.D.N.C. Feb. 13, 2013); *see Lopez Dominguez v. Gulf Coast Marine & Associates, Inc*, 607 F.3d 1066, 1073 (5th Cir. 2010) ("[H]is recusal could be viewed as being in aid of this appeal. . .."). Moreover, "a district court does not lose jurisdiction to consider and rule on matters in aid of an appeal." *Id.* at *3 (citing *Lytle v. Griffith*, 240, F.3d 404, 408 (4th Cir. 2001)). Plaintiff has appealed from this Court's ruling dismissing her action against Weeks with prejudice. The appeal does not involve "any issues concerning recusal." *Id.* at 2. Accordingly, the Court retains

4

jurisdiction over Plaintiff's motion to recuse and will address this issue.

The thrust of Plaintiff's argument is that the Court was biased against her because it presided over a previous action brought by Plaintiff arising out of the same incident as the instant case. (*Guerrero v. Deane*, Civil Action No. 1:09cv1313 (JCC/ TRJ)).[1] Plaintiff argues that this prior judicial exposure to the factual underpinning of Plaintiff's claim requires disqualification. (Mem. at 2, "Judge James C. Cacheris, United States District Court is a Material Witness to the previous case . . . and should be disqualified".)[2] Defendant argues that (1) Plaintiff fails to provide any facts indicating that the Court's actions were based upon improper grounds; (2) Plaintiff's motion is not timely; and (3) Plaintiff does not allege any bias stemming from an extrajudicial source.

---

[1] In *Guerrero v. Deane*, the Guerrero family brought an action under 42 U.S.C. § 1983, alleging that civil rights violations had occurred during an officer's service of a truancy summons at the family's home. Plaintiff lost at trial in this Court in *Deane*, (1:09cv1313 [Dkt. 1]) and the Fourth Circuit Court of Appeals affirmed. (1:09cv1313 [Dkt. 300, 322].) On July 17, 2013, the Court denied Plaintiff's Motion for reconsideration. (1:09cv1313 [Dkt. 300].) On August 9, 2013, Plaintiff filed a notice of appeal with the Fourth Circuit as to the order on her motion for reconsideration. (1:09cv1313 [Dkt. 331].)

[2] Plaintiff makes a number of other allegations, including that the Court has "allow[ed] continuing torts by all parties involved to cover up [their] crime;" (Mem. at 2) and that the Court "refuse[s] to see" a pattern of discrimination in the actions Prince William County officials. (Mem. at 3.)

A.    Extrajudicial Source Rule

Plaintiff's claim must be denied because she fails to allege any bias stemming from a non-judicial source.  The extrajudicial source rule requires that bias or prejudice arise from "events, proceedings, or experiences outside the courtroom." *Sales v. Grant*, 158 F.3d 768, 781 (4th Cir. 1998). "[O]pinions formed by the judge in the course of the current proceedings or of prior proceedings almost never constitute a valid basis for a bias or partiality motion." *Belue*, 640 F.3d at 573 (quoting *Litkey*, 510 U.S. at 555).  Moreover, "judicial remarks that are 'critical or disapproving of, or even hostile to, counsel, the parties or their cases ordinarily do not support a bias of partiality challenge.'"  *Id.* (quoting *Litkey*, 510 U.S. at 555).  Courts have therefore granted recusal motions only in "cases involving particularly egregious conduct."[3]  *Id.*

The crux of Plaintiff's allegations is that Court had "knowledge of facts from earlier participation in the case" because the Court presided over a related action - *Guerreo v.*

---

[3] *See Sewell v. Strayer Univ.*, Civil Action No. DKC 12-2927, 2013 WL 3465210, at *3 (D. Md. July 9, 2013) (citing *Belue*, 640 F.3d at 573) (observing that "the only cases where courts have granted recusal motions based on in-trial conduct tend to involve singular and startling facts," such as where the judge noted that German-Americans have hearts "reeking with disloyalty"; where the judge made clear from the beginning of the case that his goal was to "recover funds that the defendants had taken from the public"; and also where the judge "directed profanities at Plaintiffs or Plaintiffs' counsel over fifteen times and refused to allow the plaintiffs to present argument at the sanctions hearing)).  Plaintiff makes no allegations of improper in-trial conduct on the part of the Court that even "come[s] close to the type of egregious judicial conduct that requires recusal." *Id.*

*Deane*.  (Mem. at 2.)  Plaintiff points only to judicial sources of bias; she makes no claim that the Court had any personal bias against her.  This judge has no bias or prejudice in favor or against any party in the instant litigation.  Accordingly, Plaintiff's claim must be denied.

### B.   Conculsory Allegations

Furthermore, Plaintiff states no facts supporting any of her conclusory allegations.  Plaintiff alleges that the Court has permitted local government officials to engage in a conspiracy to infringe upon her rights.  (Mem. at 3.)  She further accuses the Court of being on "one side on both of plaintiff's cases" and claims that the Court did not liberally construe her Complaint, as is required for a *pro se* litigant.[4] (Mem. at 3.)

A judge should not recuse himself based on unsupported allegations.  *See Grandison v. Corcoran*, No. 00-5, 2000 WL 1012953, at *17 (4th Cir. July 24, 2000) (citing *In re Kaminski*, 960 F.2d 1062, 1065 n. 3 (D.C. Cir. 1992) ("A judge should not

---

[4] The Court agrees that Plaintiff, as a *pro se* litigant, should not be held to a stringent pleading standard.  Indeed, the Court liberally construed Plaintiff's Amended Complaint at the motion to dismiss stage.  Nevertheless, the Court found that Plaintiff's Amended Complaint was clearly time-barred and therefore subject to dismissal. (*see* [Dkt. 15].)  *See Moore v. South Carolina Dept. of Corrections*, Civil Action No. 4:06-3167-MBS, 2008 WL 285979, at *2 (D.S.C., July 21, 2008) ("Compliance with the applicable statute of limitations is a clear requirement for all litigants, whether with counsel or appearing *pro se* as does plaintiff in this case.").  Moreover, even were the Court to accept this allegation as true – which it does not – Plaintiff has alleged no bias or prejudice on the part of the Court that would support recusal.

recuse himself based on conculsory unsupported or tenuous allegations")); *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) ("A presiding judge is not, however, required to recuse himself simply because of unsupported, irrational of highly tenuous speculation.") (citations omitted).  Plaintiff has advanced no facts in support of her allegations.  While she accuses the Court, the defendant and the attorneys in this case of various forms of misconduct, she has not advanced any plausible facts in support of these claims.  (Mem. at 3.)[5]

> C.   Timeliness

Defendant further argues that Plaintiff's claim – raised only after the Court dismissed her complaint with prejudice – is not timely.  (Opp. at 4.)  The Court notes that disqualification must be raised "at the earliest moment after knowledge of the facts." *Satterfield v. Edenton-Chowan Ed. Of Ed.*, 530 F.2d 567, 574-75 (4th Cir. 1975).  Plaintiff's motion fails to present any grounds for this Court's recusal; the Court therefore declines to further address the timeliness of the motion.

---

[5] Plaintiff states, for example, "Judge Cacheris has allowed injustices by allowing Amy Weeks, her Attorney, County Attorney and Plaintiff Attorney to lie, hide evidence, distorted facts to engage in cover up and withhold favorable evidence and allowed fabricated falsely document irrelevant to the cases. . ."  (Mem. at 3.)  Plaintiff provides no support for these sweeping allegations.

## IV.   Conclusion

For the reasons explained above, this Court will deny Plaintiff's Motion.  To the extent that Plaintiff's Motion to Consolidate, [Dkt. 29], requests that Plaintiff's case be reassigned, it is likewise denied.

An appropriate order will issue.

/s/
_____
James C. Cacheris
UNITED STATES DISTRICT COURT JUDGE

November 5, 2013
Alexandria, Virginia