```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                     EASTERN DISTRICT OF VIRGINIA

                          Alexandria Division


ESPERANZA GUERRERO,             )
                                )
     Plaintiff,                 )
                                )
          v.                    )   1:13cv837(JCC/JFA)
                                )
AMY T. WEEKS,                   )
                                )
     Defendant.                 )
```

### M E M O R A N D U M   O P I N I O N

This matter is before the Court on Plaintiff Esperanza Guerrero's ("Plaintiff" or "Guerrero") Motion for Reconsideration ("Motion"). [Dkts. 19, 28.] For the reasons explained below, the Court will deny this motion.

### I. Background

Defendant Amy Weeks is a former Attendance Truancy Officer for the Prince William County Public Schools. (Compl. at 1.) Plaintiff Esperanza Guerrero is the aunt of R. Munguia, a student who in December of 2007 was enrolled at Osburn Park High School in Prince William County. Plaintiff's Complaint alleges that Defendant fabricated the truancy summons served on November 24, 2007, which lead to a confrontation with the police and Plaintiff's subsequent arrest. (Compl. ¶ 28.)

1

On June 28, 2013, Plaintiff filed suit in the General District Court of Prince William County, Virginia. [Dkts. 1-4.] On July 10, 2013, Defendant filed a Notice of Removal stating that this Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1331 and 1441(a) because Plaintiff's Warrant in Debt alleges violations of Title VI of the Civil Rights Act of 1964, Section 504 of the Rehabilitation Act of 1973, Title II of the ADA and alleges a deprivation of constitutional rights in violation of U.S.C. § 1983. [Dkt. 1.] On August 12, 2013, Defendant filed her Motion to Dismiss Amended Complaint. [Dkt. 10.] On September 26, 2013, the Court granted Defendant's Motion to Dismiss and dismissed Plaintiff's Amended Complaint with prejudice. [Dkts. 15-16.]

On October 1, 2013, Plaintiff filed her Motion for Reconsideration of the Court's memorandum opinion and order dismissing her case with prejudice. [Dkt. 19.] Defendant filed her opposition on October 11, 2013. [Dkt. 22.] Plaintiff filed a Notice of Appeal as to the Court's order and memorandum opinion dismissing her case on October 11, 2013. [Dkt. 23.] On October 28, 2013, Plaintiff filed a second Motion for Reconsideration repeating the grounds listed in her first.[1] [Dkt. 28.]

---

[1] Plaintiff's second document docketed as a Motion for Reconsideration repeats the same allegations as the first and requests that a judge other than the undersigned hear her Motion for Reconsideration. Plaintiff's Motion for

2

Plaintiff's Motion for Reconsideration is before the Court.

## II. Standard of Review

The Federal Rules of Civil Procedure do not provide a vehicle for a "motion for reconsideration." Rather they provide for a Rule 59(e) motion to alter or amend a judgment or a Rule 60(b) motion for relief from judgment. Plaintiff does not specify whether she is bringing her Motion for Reconsideration pursuant to Rule 59(e) or 60(b). Pursuant to Rule 59(e), "a motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment." Fed. R. Civ. P. 59(e). The Fourth Circuit has interpreted a motion for reconsideration as a motion to alter or amend a judgment pursuant to Rule 59(e) when that motion has been filed within the specified time period. *See Lee-Thomas v. Prince George's Cnty. Pub. Sch.*, 666 F.3d 244, 247 n.4 (4th Cir. 2012); *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 n.4 (4th Cir. 2011). Here, Plaintiff's Motion for Reconsideration was filed within 28 days of the Court's Memorandum Opinion and Order. Accordingly, the motion

---

Recusal, [Dkts. 17, 29], was denied by the Court in a memorandum opinion and order dated November 5, 2013. [Dkts. 30-31.] Plaintiff's second Motion for Reconsideration was filed more than 28 days after the entry of judgment. The Court understands this second Motion for Reconsideration to be further argument in support of her original Motion for Reconsideration, [Dkt. 17], then pending before the Court and not a separate motion. Even if this document, filed more than 28 days after entry of judgment is construed as a motion for relief from judgment pursuant to Rule 60(b), Plaintiff has not sufficiently stated any grounds for relief under Rule 60(b). Accordingly, to the extent that Plaintiff's second Motion for Reconsideration was intended as a separate motion, it is denied.

3

will be construed as a Rule 59(e) motion to alter or amend a judgment. *See* Fed. R. Civ. P. 59(e).

"A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002) (quoting *Collison v. Int'l Chem. Workers Union,* 34 F.3d 233, 236 (4th Cir. 1994)) (internal quotations omitted). A party's mere disagreement with the Court's ruling does not warrant a Rule 59(e) motion, and such motions should not be used "to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Rather, the purpose of a Rule 59(e) motion is to allow "a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Id.* (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)). A Rule 59(e) motion is "an extraordinary remedy which should be used sparingly." *Pac. Ins. Co.*, 148 F.3d at 403.

4

### III.   Analysis

As an initial matter, the Court notes that it has jurisdiction to consider Plaintiff's Rule 59(e) motion during the pendency of an appeal of the final judgment order.  Federal Rule of Appellate Procedure Rule 4(B)(i) provides that "if a party files a notice of appeal after the court announces or enters a judgment – but before it disposes of any motion listed in Rule 4(a)(4)(A) – the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposition of the last such remaining motion is entered."  Fed. R. App. Pro. 4.  Motions to alter or amend the judgment pursuant to Rule 59 are listed in Rule 4(a)(4)(A).  Therefore, a party's notice of appeal filed while a Rule 59(e) motion is pending only becomes effective when judgment is entered on the pending Rule 59(e) motion.

Turning to Plaintiff's Motion for Reconsideration, Plaintiff asks that this Court review its order and opinion dismissing Plaintiff's claims against Weeks.  Plaintiff claims that the Court erred in "not addressing the Fraud as it would Toll the Statute of Limitation."  (Pl. Mot. for Recons. at 2. [Dkt. 19])  Plaintiff alleges that Weeks created false documents in connection with the issuance of the truancy summons against Plaintiff's nephew.  (Pl. Mot. for Recons. at 2.)  Plaintiff further claims that these allegedly fraudulent documents were

5

wrongfully withheld from her by her former attorney.  (Pl. Mot. for Recons. at 2.)

Plaintiff's Motion fails to sufficiently allege any grounds for amending the Court's prior judgment.  First, there has been no intervening change in controlling law.  Second, Plaintiff has not alleged the discovery of any evidence not available to her at the Motion to Dismiss stage.  Plaintiff restates her claims regarding Weeks' alleged fraud; she does not allege that she is now in possession of any evidence not previously known to her.

Third, upon careful review of Guerrero's Complaint and the Court's Memorandum Opinion and Order, [Dkts. 15-16], the Court finds no clear error of law or manifest injustice.  Plaintiff argues that it was error not to find the statute of limitations tolled because documents were fraudulently concealed from her.  (Pl. Mot. for Recons. at 2.)  As discussed in the Court's Memorandum Opinion, Plaintiff's Complaint alleges only that her former attorneys concealed documents from her; she makes no similar allegations concerning any conduct by Defendant Weeks.  *See* Va. Code Ann. 8.01-229(D) (providing for tolling of the statute of limitations where *a defendant* uses direct or indirect means to obstruct the filing of an action) (emphasis added).  Moreover, Plaintiff's allegations that documents were concealed from her are wholly conclusory.  (Compl. at 12.)

6

Accordingly, the Court finds no error in its conclusion that Plaintiff's claims were not timely and should therefore be dismissed.

### IV. Conclusion

For the reasons explained above, this Court will deny Plaintiff's Motion. Additionally, to the extent that Plaintiff's second document labeled Motion for Reconsideration is a separate motion it is likewise denied.

An appropriate order will issue.

November 15, 2013　　　　　　　　　　　　　　　/s/
Alexandria, Virginia　　　　　　　　James C. Cacheris
　　　　　　　　　　　　UNITED STATES DISTRICT COURT JUDGE