IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ESPERANZA GUERRERO, )
)
            Plaintiff, )
)
    v. )    Civil Action No. 1:13cv0837 (JCC/JFA)
)
AMY T. WEEKS, )
)
            Defendant. )
)

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on Defendant's Second Motion for Sanctions filed by defendant Amy T. Weeks ("defendant"). (Docket no. 73) ("Second Motion for Sanctions"). Defendant's motion seeks a sanction under Federal Rule of Civil Procedure 11 against plaintiff Esperanza Guerrero, *pro se* ("plaintiff"). Given that this is a post-judgment proceeding involving a request for monetary and non-monetary sanctions under Rule 11, the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C), a copy of which will be provided to all interested parties.[1]

### Procedural Background

The procedural history of this case is set forth in detail in the court's Memorandum Opinion issued on September 16, 2013. (Docket no. 15). For that reason the undersigned will address only the procedural history as it relates to the Second Motion for Sanctions in these proposed findings of fact and recommendations.

---

[1] While the issue does not appear to have been addressed directly by the Fourth Circuit, several other Courts of Appeals have indicated that a magistrate judge does not have authority to enter an order for Rule 11 monetary sanctions. *See Bennett v. General Caster Service of N. Gordon Company, Inc.*, 976 F.2d 995 (6th Cir. 1992); *Alpern v. Lieb*, 38 F.3d 933 (7th Cir. 1994); *Kiobel v. Millson*, 592 F.3d 78 (2d Cir. 2010). The fact that the defendant's motion to dismiss has been granted also complicates the jurisdictional issue for a magistrate judge because defendant's Second Motion for Sanctions is now presented as a post-judgment request and 28 U.S.C. § 636(b)(1)(A) refers to pretrial matters only. *See Reddick, et al. v. White*, 456 Fed. Appx. 191 (4th Cir. 2011).

1

On November 1, 2013, defendant served plaintiff with defendant's first "safe harbor letter," enclosing a proposed motion for sanctions and supporting memorandum, which notified plaintiff of defendant's intent to seek sanctions for plaintiff's filing certain post-judgment pleadings (Docket nos. 17, 19, 27, 28, 29) if those motions were not withdrawn within 21 days.[2] (Docket no. 57-1).  On November 5, 6, and 15, 2013 (prior to the expiration of the 21 day safe harbor period), the court denied the motions that were identified in defendant's first letter. (Docket nos. 30–32, 48, 49).  On November 25, 2013, 24 days after defendant served plaintiff with the first letter, she filed Defendant's First Motion for Sanctions ("First Motion for Sanctions") along with a supporting memorandum, and noticed it for a hearing on January 10, 2014.  (Docket nos. 56–58).  The First Motion for Sanctions was referred to the undersigned, and was denied without oral argument on December 3, 2013.  (Docket no. 69).

On November 14, 2013, plaintiff filed six additional motions:  Motion to Admit Evidence (Docket no. 34); Motion for Leave to File *Subpoena Duces Tecum* and Interrogatories Questions [*sic*] (Docket no. 37) ("Motion for Leave to File Subpoena"); Motion for Leave to File Notice of Constitutional Questions (Docket no. 39) ("First Motion for Filing Constitutional Question"); Motion for an Extension of Time, for Review of Reconsideration (Docket no. 42) ("Motion for Extension of Time"); a second Motion for Leave to File Notice of Constitutional Question (Docket no. 44) ("Second Motion for Filing Constitutional Question"); and a Notice of Motion to be Heard (Docket no. 59) ("Motion to be Heard") (collectively, the "November 14 motions").[3]

---

[2] Plaintiff's motions identified in defendant's first letter were:  Motion to Recuse the Judge and Request for Reassignment (Docket no. 17), Motion to Reconsider (Docket no. 19), Motion for Extension in Replying (Docket no. 27), Second Motion for Reconsideration (Docket no. 28), and Motion to Consolidate (Docket no. 29).

[3] On November 14, 2013, plaintiff filed a Notice of Hearing on Motion to be Heard (Docket no. 47) without an accompanying motion.  On November 21, 2013, she filed the corresponding Plaintiff's Motion to Be Heard and accompanying memorandum (Docket nos. 59, 60), and re-noticed the motion for a hearing on December 20, 2013 (Docket no. 61).  The Second Motion for Sanctions identifies the pleading at Docket no. 59.  For the purposes of this report and recommendation, the Motion to be Heard (Docket no. 59) is incorporated in the "November 14 motions."

Plaintiff noticed the November 14 motions for a hearing on December 20, 2013. (Docket nos. 36, 41, 43, 46, 47). On November 14, 2013, defendant served plaintiff with a second letter and a proposed motion for sanctions and supporting memorandum, notifying her of defendant's intent to seek sanctions for plaintiff's filing the November 14 motions if they were not withdrawn within 21 days. (Docket no. 75-1). On November 21, 2013, plaintiff filed three additional discovery motions. (Docket nos. 52, 53, 62). On November 25, 2013, defendant filed responses to plaintiff's November 14 motions. (Docket nos. 65–67).

On December 3, 2013, 19 days after plaintiff was served with defendant's second letter, the court entered an order denying plaintiff's discovery motions (Docket nos. 52, 53, 62), as well as plaintiff's November 14 Motion for Leave to File Subpoena (Docket no. 37). (Docket no. 69). Plaintiff did not withdraw the five remaining November 14 motions. On December 13, 2013 (29 days after plaintiff was served with defendant's second letter), defendant filed a Second Motion for Sanctions, along with an accompanying memorandum, and noticed the motion for a hearing on January 10, 2014. (Docket nos. 73–75). Plaintiff filed her opposition to the Second Motion for Sanctions on December 20, 2013. (Docket no. 77). On January 2, 2014, the District Court entered an Order and Memorandum Opinion denying the five remaining November 14 motions. (Docket nos. 78, 79).

### Factual Background

In support of her motion for sanctions defendant states that (1) plaintiff's motions are not well grounded in fact or law; and (2) plaintiff has filed her pleadings for an improper purpose. (Docket no. 75).

Defendant argues that plaintiff's motions are frivolous because they seek post-judgment discovery on issues that are irrelevant to the procedural grounds on which the court dismissed the

complaint. The District Court dismissed plaintiff's claims because they were barred by the statute of limitations. Defendant argues that none of plaintiff's discovery requests is directed to whether defendant engaged in conduct intended to obstruct the timely filing of plaintiff's action, which might have tolled the statute of limitations under Virginia law. (Docket no. 75 at 4–5). Rather, plaintiff's Motion to Admit Evidence, Motion for Leave to File Subpoenas, First Motion to File Constitutional Question, Motion for Extension of Time, and Motion to be Heard relate to plaintiff's unsuccessful result in *Guerrero, et al. v. Dean, et al.*, Civil Action No. 1:09-cv-1313 (the "County litigation"). (Docket no. 75 at 4–7). Defendant also argues that plaintiff cites no authority to support a right to post-judgment discovery to set aside the judgment in the County litigation. Defendant further argues that the Second Motion to File Constitutional Question does not identify grounds for challenging the constitutionality of the Virginia statute, and is moot because the court dismissed the complaint on procedural grounds, never reaching the constitutional question. (Docket no. 75 at 8). Defendant notes that aspects of the November 14 motions were included in previously denied motions in this litigation. (Docket no. 75 at 7).

In addition, defendant contends plaintiff has filed her pleadings for the improper purposes of delaying and extending the litigation, increasing defendant's costs, and harassing County officials. (Docket no. 75 at 8–9). Defendant also argues that plaintiff's pleadings are repetitive filings that reflect plaintiff's personal vendetta against Prince William County, which, following dismissal of plaintiff's suit against the County defendants, plaintiff has decided to pursue against Ms. Weeks, a non-county employee. (Docket no. 75 at 9).

Plaintiff responds that none of the evidence she now seeks was available during the County litigation, which she contends was actually a mock trial and a fake case. (Docket no. 77 at 7). Plaintiff argues that she has stated a valid claim, which she can prove through evidence

4

(*e.g.* school documents) that is not available to her. (Docket no. 77 at 9). Plaintiff also notes that a *pro se* litigant's financial condition should be taken into consideration in determining what sanction should be awarded and that *pro se* pleadings are held to a less stringent standard that those drafted by attorneys. (Docket no. 77 at 12, 13).

## Proposed Findings

### *The "Safe Harbor" Provision of Federal Rule of Civil Procedure 11*

A threshold issue in any Rule 11 motion is the "safe harbor" provision requiring notice to the offending party and a 21 day waiting period prior to the filing of the motion in which a sanction-worthy argument or assertion may be withdrawn or corrected. Fed. R. Civ. P. 11(c)(2). "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2).

In this case, it appears that plaintiff was served with a safe harbor letter and a proposed motion for sanctions describing the specific conduct that allegedly violated Rule 11. It also appears that, with the exception of the Motion for Leave to File Subpoena that was denied on December 3, 2013, plaintiff had more than 21 days in which she could have withdrawn her November 14 motions prior to the motion for sanctions being presented to the court. For these reasons it appears that the purpose of the safe harbor provision in Rule 11 has been satisfied.

Defendant's second safe harbor letter was served on plaintiff on November 14, 2013, along with a proposed motion for sanctions and memorandum. The memorandum addressed why defendant believed Rule 11 sanctions were appropriate, and identified the specific

5

November 14 motions to which defendant's proposed motion applied. Assuming the 21 day safe harbor period began on November 14, 2013, plaintiff had more than 21 days to withdraw her November 14 motions prior to the pending motion for sanctions being filed on December 13, 2013. Indeed, plaintiff had 29 days in which to withdraw her motions before the Second Motion for Sanctions was filed and served. Although the court ruled on plaintiff's Motion for Leave to File Subpoena prior to the expiration of the safe harbor period, the court's ruling occurred 19 days into the 21 day period. Moreover, plaintiff did not withdraw the other five November 14 motions during the safe harbor period.[4] Instead, plaintiff filed an opposition to the Second Motion for Sanctions. Finally, defendant's first safe harbor letter of November 1, 2013 and First Motion for Sanctions filed on November 25, 2013 also put plaintiff on notice of the Rule 11 prohibition on filing pleadings unsupported by fact or law.

*Sanctions under Rule 11*

The basic requirement of Rule 11 is that an unrepresented party must perform a "prefiling investigation of law and fact which is objectively reasonable under the circumstances." *Johnson v. Lyddane*, 368 F. Supp. 2d 529, 532 (E.D. Va. 2005). Under Rule 11 a litigant presenting a pleading to the court certifies that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the pleading is not presented for an improper purpose, the legal contentions are "warranted by existing law," and the factual allegations are supported by the evidence. Fed. R. Civ. P. 11(b). When evaluating whether legal or factual contentions are supported by law, the court must examine the pleading under an objective reasonableness standard. *See Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 153 (4th Cir. 2002). The party moving for Rule 11 sanctions has the burden of proving a violation of

---

[4] In fact, on November 21, 2013, seven days after plaintiff received defendant's second safe harbor letter, she filed three additional motions for discovery which were denied summarily by the court. (Docket no. 69).

6

Rule 11; once that burden is met, it shifts to the responding party to prove that her conduct was reasonable.

Fed. R. Civ. P. 11(b)(1) states that a party represents that a pleading "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(2) states that a party represents that the "legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or establishing new law." A Rule 11(b) violation is found "where there is no factual support for the asserted claims." *Abbott v. Suntrust Mortg., Inc.*, No. 3:08cv0665, 2009 WL 971267, at \*4 (E.D. Va. Apr. 8, 2009). Litigants proceeding *pro se* may be sanctioned under Rule 11(b) for filing frivolous pleadings that lack any factual support. *Id.*

The Advisory Committee note to Rule 11 cautions against "using the wisdom of hindsight" and emphasizes that pleadings should be tested "by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted." Fed. R. Civ. P. 11 Advisory Committee's Note, 97 F.R.D. 165, 199 (1983). "A fact allegation lacks evidentiary support when it is 'unsupported by *any* information obtained prior to filing.'" *Vuyyuru v. Jadhav*, 2011 WL 1483725, at \*22 (E.D. Va. Apr. 19, 2011) (quoting *Brubaker v. City of Richmond*, 943 F.2d 1363, 1373 (4th Cir. 1991)). "To be reasonable, the prefiling factual investigation must uncover some information to support the allegations in the complaint." *Brubaker*, 943 F.2d at 1373.

Sanctions are mandatory if the court finds that there was no objectively reasonable basis for the claims; however, "the determination of what [sanction] is 'appropriate' is still a matter left to the sound discretion of the district court." *Cabell v. Petty*, 810 F.2d 463, 466 (4th Cir. 1987). The Rule limits the sanctions available to "what suffices to deter repetition of the conduct

or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4); *see also In re Kunstler*, 914 F.2d 505, 522–23 (4th Cir. 1990) (stating that the primary purpose of Rule 11 is to deter future litigation abuse). "In choosing a sanction '[t]he basic principle . . . is that the least severe sanction adequate to serve the purpose should be imposed.'" *Cabell*, 810 F.2d at 466 (*citing* Schwarzer, *Sanctions Under the New Federal Rule 11-A Closer Look*, 104 F.R.D. 181, 201 (1985)).

A sanction under Rule 11 may include non-monetary directives, an order to pay a penalty into the court or to pay the reasonable attorney's fees resulting from the violation. Fed. R. Civ. P. 11(c)(4). However, the Fourth Circuit has cautioned that Rule 11 "should not blindly be used to shift fees," *Kunstler*, 914 F.2d at 522, and *pro se* pleadings are "granted a degree of indulgence not extended to lawyers when determining whether to impose monetary sanctions." *Laremont-Lopez v. Se. Tidewater Opportunity Ctr.*, 968 F. Supp. 1075, 1078 (E.D. Va. 1997).

### Analysis

Defendant's contentions here are two: (1) plaintiff's post-judgment discovery requests are frivolous, as they do not target the procedural grounds on which the complaint was dismissed; and (2) plaintiff has filed these motions for the improper purpose of delaying the litigation and increasing defendant's costs. While there was a related argument that this litigation was brought to harass the County defendants, there is little evidence presented to support that claim given that no County employees are named in this suit.

There is no question that a reasonable person in plaintiff's position would be aware of the potential for sanctions if meritless pleadings were filed in this court. Plaintiff was put on notice of the Rule 11 prohibition on filing pleadings without support in fact or law as early as November 1, 2013, when she received defendant's first letter. Plaintiff was reminded three more

8

times about the possibility of sanctions when she received defendant's second letter and was served with two motions for sanctions filed in the court. Even after receiving defendant's letters plaintiff continued to file post-judgment discovery motions, yet each was denied. It is also implicit that plaintiff was warned of possible sanctions when the court declined to award defendant's First Motion for Sanctions "at this time." (Docket no. 69).

It is also clear that plaintiff's motions do not seek discovery on matters that would toll the running of the statute of limitations, thereby warranting further action in this court. Under Virginia law, the only fraud that tolls the limitations period is direct or indirect conduct by the defendant intended to obstruct the filing of an action. Va. Code § 8.01-229. While plaintiff does seek discovery related to alleged fraud, her motions appear to request discovery to prove fraud on the court in the County litigation, rather than fraud related to the filing of this litigation. Plaintiff has not adequately explained why her current discovery requests were not made during the County litigation, or why she was unable to obtain this information prior to the filing of this litigation. Moreover, many of plaintiff's November 14 motions repeat requests that were previously brought and denied by this court. As this court has noted, it is clear that plaintiff's November 14 motions are "an improper attempt to relitigate claims that have already been dismissed." (Docket no. 78). As such, plaintiff has not presented any nonfrivolous argument for reversing the existing law relating to tolling.

In addition, given the procedural posture of this case, plaintiff has not shown that her post-judgment discovery motions are warranted by existing law. Importantly, the court dismissed plaintiff's complaint under Rule 12(b)(6). Under the less stringent standard for reviewing *pro se* pleadings that the District Court applied, the complaint did not survive the motion to dismiss because it appeared "beyond doubt that the plaintiff c[ould] prove no set of

facts entitling him to relief." *Thompson v. Echols*, No. 99–6304, 1999 WL 717280 (4th Cir. 1999). Further, this court has denied plaintiff's requests for reconsideration and the case is now on appeal to the Fourth Circuit. As such, plaintiff has failed to present any nonfrivolous argument for reversing existing law or establishing new law that would entitle plaintiff to conduct post-judgment discovery.

For these reasons the undersigned recommends a finding that plaintiff has violated Rule 11(b)(1) and (2) by persisting in filing meritless post-judgment pleadings and by seeking to relitigate claims that had already been dismissed without legal support for modifying or reversing the statute of limitations or for establishing new law.

The remaining issue is what would be an appropriate sanction under the circumstances presented in this case. Defendant suggests that monetary sanctions in the amount of $5,157.50 (representing attorney's fees incurred in responding to the November 14 motions) and non-monetary sanctions in the form of a pre-filing injunction would be appropriate. In determining whether to order sanctions, this court has noted that "Rule 11 sanctions serve many purposes, including punishing the violating party, compensating the victim of the violation, and, most importantly, deterring future violations." *Harmon v. O'Keefe*, 149 F.R.D. 114, 117 (E.D. Va. 1993) (citing *In re Kunstler*, 914 F.2d 505, 522 (4th Cir. 1990), *cert. denied*, 113 L. Ed. 2d 669, 111 S. Ct. 1607 (1991)). A non-monetary sanction may be imposed when necessary to deter future litigation abuse. *Abbott*, 2009 WL 971267, at *6. The goal is to impose "the lease severe sanction adequate to serve the purposes of Rule 11." *Harmon*, 149 F.R.D. at 117 (citing *Kunstler*, 914 F.2d at 522). The Fourth Circuit has identified several factors that should be considered in determining an appropriate sanction: "(1) the reasonableness of the opposing

party's attorney's fees; (2) the minimum to deter; (3) the ability to pay; and (4) factors related to the severity of the Rule 11 violation." *Id.* (citing *Kunstler*, 914 F.2d at 523).

Application of these factors shows that a lesser amount than payment of defendant's attorney's fees is appropriate. Plaintiff elected to file this case in the General District Court for Prince William County, which was likely the most economical venue for a *pro se* litigant. Although defendant has incurred expense in responding to plaintiff's motions, defendant chose to remove this case—as was her right—to federal court and to hire an attorney with over 31 years of experience in federal defense litigation. Although plaintiff has made no explicit showing of her inability to pay attorney's fees, it appears she was unable to retain a lawyer to represent her in this case, which indicates that her financial condition is likely insufficient to pay a significant financial sanction. Finally, while plaintiff's post-judgment motions were numerous, defendant has not shown any direct evidence of malice or bad faith. Therefore, recognizing that the primary purpose of Rule 11 is to deter future violations and given plaintiff's *pro se* status, the undersigned finds that an award of $650.00 to be paid to the defendant as a penalty by plaintiff is an appropriate sanction. This monetary sanction should serve as an adequate deterrent for plaintiff to refrain from further violations of Rule 11.

It is also appropriate to issue a non-monetary sanction when such a sanction is necessary to deter future litigation abuse. However, a pre-filing injunction is not substantively warranted given the circumstances at this time. Here, plaintiff is *pro se*, has not previously been sanctioned, and does not have a history of bringing harassing and duplicative lawsuits in the federal and state courts. Moreover, a less drastic sanction would adequately protect defendant and the courts by deterring future litigation abuse. Accordingly, the undersigned recommends that an order be entered stating that defendant need not respond to any further filing made by

11

plaintiff in the United States District Court for the Eastern District of Virginia in this matter unless requested to do so by the court. This non-monetary penalty should prevent defendant from incurring additional expense in responding to meritless pleadings and it will allow the court to dismiss such motions on the papers, if possible, thereby preserving judicial resources.

## Recommendation

For these reasons, the undersigned recommends a finding that the plaintiff has violated Rule 11 and that an appropriate sanction is for plaintiff to pay the defendant $650.00 and that defendant be excused from responding to any further pleadings filed by the plaintiff in the District Court in this action unless directed to do so by the court.

## Notice

The parties are notified that objections to these proposed findings of fact and recommendations must be filed within 14 days of service of these proposed findings of fact and recommendations in accordance with 28 U.S.C. § 636(b)(1)(C) and a failure to file timely objections waives appellate review of the substance of these proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on these proposed findings of fact and recommendations.

A copy of these proposed findings of fact and recommendations will be mailed to the plaintiff by the undersigned.

Entered this 10th day of January, 2014.

_____/s/_____

John F. Anderson
United States Magistrate Judge

John F. Anderson
United States Magistrate Judge

Alexandria, Virginia

12