IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| ESPERANZA GUERRERO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:13cv837(JCC/JFA) |
| | ) | |
| AMY T. WEEKS, | ) | |
| | ) | |
| Defendant. | ) | |

## M E M O R A N D U M   O P I N I O N

This matter is before the Court on Plaintiff Esperanza Guerrero's *pro se* objections to the January 10, 2014 Report and Recommendation of Magistrate Judge John F. Anderson ("R & R"), [Dkt. 82], regarding Defendant Amy T. Weeks's ("Defendant" or "Weeks") Second Motion for Sanctions, [Dkt. 73]. For the following reasons, the Court will overrule Plaintiff's objections.

### I. Background

The facts underlying this case are fully set forth in the Court's Memorandum Opinion dated September 16, 2013, [Dkt. 15], familiarity with which is presumed. In brief, Plaintiff alleges that Defendant fabricated a truancy summons served on November 24, 2007, leading to Plaintiff's confrontation with the police. (Compl. ¶ 28.) As recounted in Magistrate Judge Anderson's Report and Recommendation, this matter comes before

1

the Court on Defendant's second motion for sanctions.  (R & R at 2.)

On November 1, 2013, Defendant served Plaintiff with Defendant's first safe harbor letter, "enclosing a proposed motion for sanctions and supporting memorandum, which notified plaintiff of defendant's intent to seek sanctions for plaintiff's filing certain post-judgment pleadings (Docket nos. 17, 19, 27, 28, 29) if those motions were not withdrawn within 21 days."  (R & R at 2.)  On November 5, 6 and 15 the Court denied these motions.  [Dkts. 30-32, 48-49.]  On November 14, 2013, Defendant filed six additional motions: (1) Motion to Admit Evidence, [Dkt. 34]; (2) Motion for Leave to File Subpoena Duces Tecum and Interrogatories Questions, [Dkt. 37]; (3) Motion for Leave to File Notice of Constitutional Questions, [Dkt. 39]; (4) Motion for an Extension of Time, for Review of Reconsideration, [Dkt. 42]; (5) a second Motion for Leave to File Notice of Constitutional Questions, [Dkt. 44]; and (6) a notice of Motion to be Heard, [Dkt. 59].  On November 14, 2013, Defendant served plaintiff with a second safe harbor letter, notifying her of Defendant's intent to seek sanctions if the November 14 motions were not withdrawn.  (R & R at 3.)

On November 21, 2013, Plaintiff filed three additional motions seeking discovery.  [Dkts. 52, 53, 62.]  On December 3, 2013, Magistrate Judge Anderson denied Defendant's First Motion

2

for Sanctions and denied Plaintiff's motions seeking discovery and her November 14 Motion for Leave to File Subpoena. [Dkt. 69.] Plaintiff did not withdraw the five remaining motions listed in Defendant's second safe harbor letter. On December 13, 2013, Defendant filed her Second Motion for Sanctions and accompanying memorandum. [Dkts. 73, 75.]

On January 10, 2014, Magistrate Judge Anderson issued the Report and Recommendation finding that Plaintiff has violated Rule 11. Judge Anderson recommends that Plaintiff pay a $650.00 award to Defendant and that Defendant be excused from responding to any further pleadings filed by Plaintiff in the District Court in this action unless directed to do so. (R & R at 12.) On January 23, 2014, Plaintiff filed her objections to the Report and Recommendation. [Dkt. 86.] Defendant filed her response on January 30, 2014. [Dkt. 88.] Defendant does not object to the recommendation of the Magistrate Judge, but requests that the Court provide a deadline by which Plaintiff may the monetary sanction. (Def. Resp. at 2.) Plaintiff filed her reply on February 10, 2014. [Dkt. 89.]

Plaintiff's objections are now before the Court.

## II. Standard of Review

Pursuant to the Federal Magistrate's Act, the parties may serve and file written objections to the magistrate judge's proposed findings and recommendation within fourteen days after

3

being served with a copy of the magistrate judge's recommended disposition. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). For non-dispositive matters, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). A district judge also "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate," *id. see also Beck v. Angelone,* 113 F. Supp. 2d 941, 947 (E.D. Va. 2000), *appeal dismissed by* 261 F.3d 377 (4th Cir. 2001), *cert. denied,* 534 U.S. 987 (2001), and may receive further evidence or recommit the matter to the magistrate with instructions. 28 U.S.C. § 636(b)(1)(C).

### III. Analysis

The R & R finds that Plaintiff violated Federal Rule of Civil Procedure 11(b)(1) and (2). Rule 11(b) states, in pertinent part:

> By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information and belief, formed after any inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

4

> (2) the claims, defenses, and other legal
> contentions are warranted by existing law or
> by a nonfrivolous argument for extending,
> modifying, or reversing existing law or for
> establishing new law.

As noted by the R & R, a Rule 11(b) violation is found "where there is no factual support for the asserted claims." *Abbott v. Suntrust Mortg., Inc.,* No. 3:08cv0665, 2009 WL 971267, at *4 (E.D. Va. Apr. 8, 2009).

Plaintiff argues that Magistrate Judge Anderson "clearly erred" in imposing the monetary sanction, and has submitted to the Court a number of exhibits, including portions of the Virginia Administrative Code, a copy of the Virginia Board of Education Agenda from January 10, 2013, and proposed changes to Title 8 of the Virginia Administrative Code.[1] (Obj. at 1; Def. Resp. at 1.)

The thrust of Plaintiff's objection is that her post-trial motions sought to discover fraud that would toll the running of the statute of limitations. (Obj. at 10.) In Virginia, the statute of limitations is tolled by the obstruction of filing by Defendant. Va. Code Ann. 8.01-229.

---

[1] "Although the Fourth Circuit has not spoken definitively on whether Rule 11 sanctions matters are dispositive or non-dispositive, the Court finds that the issue of Rule 11 sanctions in this case is non-dispositive, as the nature of the sanction imposed is not dispositive of any claim or defense." *Manship v. Bros.*, No. 11cv1003, 2012 WL 527349, at *2 n.1 (E.D. Va. Feb. 16, 2012); *see Joseph Giganti Veritas Media Grp., Inc. v. Gen-X Strategies, Inc.*, 222 F.R.D. 299, 304-05 (E.D. Va. 2004) (imposition of monetary sanction under Rule 11 reviewed under clearly erroneous and contrary to law standard).

Virginia Code provides that where a Defendant uses "any other direct or indirect means to obstruct the filing of an action" that time is not counted for purposes of calculating the applicable statute of limitations. *Id.* Magistrate Judge Anderson found that "[w]hile plaintiff does seek discovery related to alleged fraud, her motions appear to request discovery to prove fraud on the court in the County litigation [*Guerrero v. Deane*, 1:09cv1313], rather than fraud related to the filing of this litigation." (R & R at 9.) Moreover, Magistrate Judge Anderson noted that Plaintiff "has not adequately explained why her current discovery requests were not made during the County litigation, or why she was unable to obtain this information prior to the filing of this litigation." (R & R at 9.)

In her objections to the R & R, Plaintiff continues to insist that there was fraud upon the Court in *Guerrero v. Deane* and that the truancy summons issued by Defendant Weeks was fabricated. (Obj. at 5.) Plaintiff has not raised any new evidence or argument not fully considered by Magistrate Judge Anderson in the R & R. Having reviewed Plaintiff's discovery requests and the history of this case, the Court finds that Judge Anderson's explanation of his decision is more than adequate to find Plaintiff liable for sanctions.

Additionally, Magistrate Judge Anderson found that given the posture of this case, Plaintiff's post-judgment discovery motions are unwarranted under existing law. (R & R at 9.) "Plaintiff has failed to present any nonfrivolous argument for reversing existing law or establishing new law that would entitle plaintiff to conduct post-judgment discovery." (R & R at 10.) Likewise, Plaintiff's objections do not provide any comprehensible argument for why post-judgment discovery would be warranted in this case.

Moreover, the Court notes that Plaintiff's objections do not address the magistrate judge's findings with regard to the award of $650.00 to be paid to the Defendant; instead Plaintiff attempts to continue to litigate the merits of her case. Thus, having reviewed the record in this case and having reviewed Plaintiff's objections under the "clearly erroneous or contrary to law" standard, this Court accepts the findings and recommendations made by Magistrate Judge Anderson.

### III. Conclusion

For the reasons stated above, this Court will overrule Plaintiff's objections to Magistrate Judge Anderson's R & R.

An appropriate order will issue.

|  | /s/ |
|---|---|
| February 26, 2014 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |